R. J. NORRIS, Appellee, v. T. J. O'CONNOR, Appellant.

**Sales:** BREACH OF WARRANTY: EVIDENCE: VERDICT. Where the evidence
1　concerning a breach of warranty in the sale of corn was in substantial conflict, the verdict of the jury will not be disturbed on appeal.

**Same:** MEASURE OF DAMAGES. The measure of damages for breach of
2　warranty is the difference between the actual value of the thing sold and its value had it been as warranted.

**Same:** INSTRUCTIONS. Where defendant in an action for the price of
3　corn answered that the same was not as warranted and tendered its value, but did not ask for damages, and the court instructed as requested and in conformity with his pleadings that if the corn was warranted the plaintiff could not recover more than the tender, he was not prejudiced by failure to instruct as to his measure of damages.

**Same:** TENDER: INSTRUCTION: PREJUDICE. A party cannot ordinarily
4　be prejudiced by the giving of an instruction more favorable to him than he is entitled to. Thus an instruction that if property was sold on a warranty no recovery could be had in excess of defendant's tender was not prejudicial, on the ground that it precluded a recovery for defendant in a sum greater than the tender; especially as the jury was also instructed that for plaintiff to recover more than the tender he must show that defendant purchased on his own inspection and judgment.

*Appeal from Woodbury District Court.*—HON. JOHN F.
OLIVER, Judge.

FRIDAY, JUNE 19, 1914.

ACTION to recover a balance due on the purchase price of
corn sold and delivered by the plaintiff to the defendant.
The answer admitted that the amount claimed by plaintiff
would have been due under the contract if the corn delivered
had been of the quality contracted for.  An affirmative de-
fense setting up breach of contract was pleaded, and will be
set forth in the opinion herein.   There was a verdict for
plaintiff for the amount claimed. · The defendant appeals.—
*Affirmed.*

*Shull, Farnsworth, Sammis & Stilwill* and *Sargent, Strong
& Struble,* for appellant.

*Henderson & Fribourg,* for appellee.

EVANS, J.—On or about April 20, 1912, the plaintiff was
the owner of about 9,000 bushels of corn in the crib upon
his farm in Nebraska.   The parties are both residents of

1. SALES : breach     Nebraska.   They reside about eight miles
of warranty :         apart, and in the vicinity of Sioux City, as
evidence : ver-
dict.                 we infer from the record.   Both parties are
farmers.  The defendant, however, was also engaged in buying
grain and stock.  For two or three days prior to April 20th
negotiations had been pending for the purchase by the de-
fendant of certain cattle and the crib of corn in question from
the plaintiff.  The contract of purchase of the corn was finally
closed over the telephone.  The only disputed fact between
the parties on the trial was whether plaintiff warranted the
corn to be "sound, hard, dry corn."  It is undisputed that
the corn was, in fact, more or less damp, and that it would
not grade as "sound, hard, dry corn."  The evidence on

behalf of the plaintiff was to the effect that the corn was sold at the agreed price of seventy-two cents per bushel upon previous inspection by the defendant and without warranty on his own part. The evidence on behalf of the defendant was to the effect that the corn was sold upon the alleged warranty, and that there was no previous inspection by the defendant. The evidence at this point was in direct conflict, and was sufficient beyond all question to support a favorable verdict for either party. We will give no further consideration therefore to the contention of the defendant that the verdict was without support in the evidence.

In order to consider the other errors argued by the defendant, particular attention must be directed to his affirmative defense as set up in his answer. It was not a model of pleading. It appears to have been prepared in haste. Attempted conformity to it by the court was responsible for the alleged errors which are now assigned by the defendant against the instructions to the jury. Such affirmative defense was as follows:

This defendant alleges the fact to be that on or about the 20th day of April, 1912, he entered into an oral contract with the plaintiff, by the terms of which contract the plaintiff sold to the defendant his corn to be delivered f. o. b. cars at Winnebago, Neb., for 72 cents per bushel. That it was expressly agreed by and between the plaintiff and defendant that the corn should be hard, sound, and dry corn, but the grade of said corn was not agreed upon. That the defendant was not present when said corn was delivered at Winnebago, Neb., but gave the party in charge of said elevator shipping directions regarding the same. That the defendant, prior to the purchase and delivery of said corn, had never examined or inspected it, and would not have purchased said corn, and would not have received the same, had he known its true condition. That the corn delivered by the plaintiff to the defendant was not sound, hard, and dry corn, but, on the contrary, the corn delivered by this plaintiff to this defendant was unsound, was not hard, but was so damp and wet that the same heated in the cars, and was not fit for shipment, and did not

comply with the kind and quality of corn which the plaintiff
had sold to defendant. That the fair and reasonable market
value of the corn so delivered by plaintiff at the time of said
delivery at Winnebago, Neb., was 50 cents per bushel, or a
total sum of four thousand four hundred forty-two and
14/100 ($4,442.14) dollars, the total number of bushels of the
corn so delivered, in the condition of which the same was,
being 8,884.28 bushels. That of said sum, the defendant had
paid to the plaintiff the sum of four thousand five ($4,005.00)
dollars, and, prior to the commencement of this suit, tendered
to the plaintiff the sum of four hundred seventy and 49/100
($470.49) dollars, in full payment of the balance due on said
purchase, which said tender. the plaintiff refuses to accept,
and the defendant herewith offers to pay to said defendant
said sum of $470.49 in full settlement and payment thereof.
Wherefore the defendant asks that the petition of plaintiff
be dismissed and for his costs herein.

Apart from the question of the sufficiency of the evidence,
the principal complaint of the defendant as appellant is that
the trial court failed to instruct the jury as to defendant's
2. Same: measure      proper measure of damages. The contention
of damages.           of defendant in argument at this point is that
the measure of his damages for breach of warranty was the
difference between the value of the corn as it was in its actual
condition and the value which it would have had if it had
been as good as warranted. The abstract correctness of this
rule may be conceded. The trial court did not so instruct.

The instructions given, however, did conform to the de-
fendant's pleading which is above set forth, and to certain
requested instructions presented by the defendant to the court.
3. Same: instruc-     It will be noted that the pleading above set
tions.                forth included a tender of $470.49 as the
balance due the plaintiff. The pleading was predicated upon
the theory, not that the defendant was entitled to offset his
damages against the contract price, but that the defendant was
liable to the plaintiff only for the value of the corn at the
time of delivery in its damaged condition, regardless of the

contract price, and regardless of changing markets. It did not in terms plead damages; nor did it pray for any recovery. So far as this feature of the case was concerned, there was no counterclaim. (We do not overlook the counterclaim for special damages of $88 for loss of commission, which was made contingent upon the success of the main defense, and which did not involve the question which we are now considering.) Pursuant to his pleading, the defendant requested certain instructions. By instruction 3 he requested the court to instruct the jury, in substance, that, if there was a warranty and breach thereof, then the plaintiff was "not entitled to recover except to the amount of the tender heretofore made to the plaintiff." By instruction 5 he requested the court to instruct that the defendant had made a tender of $470.49, "in full settlement of said corn," and that, if the plaintiff failed to deliver such corn as complied with his contract, then the plaintiff could only recover "the market value on board the cars at Winnebago of the corn which he did deliver." Requested instruction No. 6 was in part as follows:

(6) You are instructed that, if one person sells and agrees to deliver to another good, sound, dry corn, but delivers corn of another quality, which is not good, sound, dry corn, then the purchaser may accept the corn offered, and be liable to the seller only for the value of the corn delivered.

The trial court followed the substance of these requested instructions. It did not instruct upon the subject of damages in express terms. It instructed the jury, however, that if the plaintiff agreed that the corn was to be "sound, hard, dry corn, or that in substance, then the plaintiff cannot recover anything in this action on account of such sale in excess of the $470.49, as tendered and conceded to be due him by the defendant." It will be noted that this was in strict accord with defendant's pleading, and with his requested instructions. The defendant is therefore in no position to complain of it.

The defendant further complains of the instructions in his own favor on the ground that they were too peremptory and too favorable to him, and that he was thereby prejudiced before the jury. The following quotation from his argument concisely indicates the nature of this complaint:

4. SAME: tender: instruction: prejudice.

While the instructions complained of are more favorable to the defendant than he was entitled to, when we consider the issues in the case and the evidence, the effect of these instructions upon the jury must have been prejudicial to the defendant.

In elaboration of this point, the defendant contends that certain evidence on behalf of the plaintiff showed the market value of the corn in its actual condition to be seventy-one cents per bushel. All the testimony on behalf of the defendant showed such value to be not in excess of the amount tendered by defendant. The instruction of the court at this point was in harmony with the evidence of the defendant and his witnesses and with the tender. The argument, however, is that, if the court had left the question of value open to the jury, a smaller verdict might have been rendered against the defendant than was rendered, even though it had been larger than the amount of the tender. Such an instruction, however, would not have eliminated the alleged error from the record. On the contrary, it would have given the defendant greater ground of complaint, rather than less. It would have been more unfavorable to the defendant than the instruction that was given. Its only advantage to him, as he sees it now, would be the paradoxical one that it would now furnish him a ground of reversal on this appeal.

There is a further reason why the defendant could have suffered no prejudice at this point. The trial court instructed the jury that the burden was upon the plaintiff to prove that the defendant made the purchase of the corn upon his own inspection thereof and in reliance upon his own judgment,

and this finding was made a condition of his recovery of any amount over and above the tender. The issue at this point was pivotal and decisive. Under the instructions, the jury must have found such fact affirmatively in order to render the verdict which it did. Such finding has abundant support in the evidence; it being undisputed that the defendant was present at the cribs and while the corn was being shelled for the market.

To put the situation briefly, the defendant by his answer based his defense upon an erroneous theory of law. By requested instructions he prevailed upon the court to adopt such erroneous theory in the submission of the case. He is in no position to complain of such compliance by the court. As to the measure of damages, he neither pleaded any, nor offered any evidence in support of the correct measure for which he now contends. The instructions, as given, were more favorable to him than a statement of the correct rule would have been. Manifestly he so regarded them at the time.

The judgment below must therefore be *Affirmed*. All the Judges concur.